David J. McGlothlin, Esq. (SBN 026059)
david@southwestlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Ste. 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Joseph A. Velez, Esq. (SBN 016059)
**Law Office of Joseph A. Velez**
7272 E. Indian School Rd., Ste. 111
Scottsdale, AZ 85251
Phone   480.710.5079
Fax     480.945.0553

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **James D. Valenzano, Sr.,** | Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| **Experian Information Solutions, Inc.; New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and

**COMPLAINT**                          1

accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. James D. Valenzano, Sr.. ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Experian Information Solutions, Inc. ("Experian"), New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing and ("Shellpoint Mortgage")(jointly as "Defendants") with regard to erroneous reports of derogatory and negative credit information made by Defendants to national reporting agencies, and for failure of Defendants to properly investigate, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Arizona.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

8. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; Jurisdiction arises for Plaintiff's supplemental state claims under 28 U.S.C. § 1367.

9. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

10. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Maricopa County, the State of Arizona and Defendants are subject to personal jurisdiction in the County of Maricopa, State of Arizona as they conduct business there, and the conduct giving rise to this action occurred in Arizona. 28 U.S.C. § 1391(b)(2).

## PARTIES

11. Plaintiff is a natural person residing in the City of Maricopa, County of Pinal, State of Arizona. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Defendant Experian is a foreign limited liability company doing business in the State of Arizona.

13. Defendant Shellpoint Mortgage is a foreign limited liability company doing business in the State of Arizona.

14. Defendant Shellpoint Mortgage is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

15. Defendant Experian is a national credit reporting agency, doing business in Arizona, with a principal place of business in Ohio.

## GENERAL ALLEGATIONS

16. At all times relevant, Plaintiff was an individual residing within the State of Arizona.
17. At all times relevant, Defendants conducted business in the State of Arizona.
18. On or about October 14, 2009, Plaintiff filed for a Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Arizona in order to obtain a fresh start and rebuild his credit. Plaintiff's case was assigned Case Number 2:09-bk-25925-RJH (the "Bankruptcy").
19. The obligations ("Debt") were scheduled in the Bankruptcy and the original creditor received notice of the Bankruptcy.
20. On or about January 26, 2010, Plaintiff received a Bankruptcy discharge.
21. The original creditor for this Debt did not file any proceedings to declare their Debt "non dischargeable" pursuant to 11 U.S.C. § 523 *et seq*.

### Shellpoint Mortgage Misreported Credit Information

22. In an Experian credit report dated February 23, 2016, Shellpoint Mortgage reported the following inaccurate, derogatory information:
    - Account No. 53284…. Payment history included 180 days late for March 2014 through February 2015 and May 2015. Also "ND" for No Data was reported for March and April of 2015.

23. Shellpoint Mortgage should not have reported derogatory information on Plaintiff's account after October 14, 2009, because Plaintiff filed for Bankruptcy on October 14, 2009.
24. On or about February 4, 2016 Plaintiff had his attorney send a detailed dispute letter directly to Shellpoint Mortgage in an attempt to correct their erroneous reporting.
25. On or about February 9, 2016 Shellpoint Mortgage sent Plaintiff a letter directly in response to Plaintiff's attorney's dispute letter, in which

Defendant Shellpoint Mortgage asserted they were correctly reporting the debt in question.

26. On or about March 3, 2016, Plaintiff disputed Shellpoint Mortgage's reported information regarding the Debt pursuant to 15 U.S.C. § 1681I(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Shellpoint Mortgage.

27. Specifically, Plaintiff sent a letter to Experian (the "Experian Dispute Letter"), requesting the above inaccurate and incorrect derogatory information be removed. Plaintiff clearly identified the alleged errors as well as provided copies of his previous dispute letter, and proof of the bankruptcy filing and discharge.

28. Upon information and belief, Experian timely notified Shellpoint Mortgage of Plaintiff's dispute, but Shellpoint Mortgage continued reporting derogatory information.

29. Shellpoint Mortgage and Experian were required to conduct a reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

30. On or about April 14, 2016, Plaintiff received notification from Experian that Shellpoint Mortgage and Experian received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and Defendants verified the account had been updated.

31. Surprisingly, rather than remove all the derogatory information from Plaintiff's report, Shellpoint Mortgage and Experian simply left derogatory information on Plaintiff's report.  Specifically, Shellpoint Mortgage and Experian reported the following  inaccurate, derogatory information:
    - Account No. 53284…. Payment history included 180 days late for March 2014 through February 2015 and May 2015. Also "ND" for No Data was reported for March and April of 2015.

> Finally, the account history states, "Debt included in Chapter 7 Bankruptcy on Jan 18, 2016."

32. Shellpoint Mortgage reporting that Plaintiff was 180 days past due in 2014 and 2015 is inaccurate as Plaintiff discharged all personal liability in his bankruptcy.

33. Additionally stating the debt was "included in Chapter 7 Bankruptcy on Jan 18, 2016" is clearly erroneous as Plaintiff's bankruptcy discharged on January 26, 2010.

34. Shellpoint Mortgage and Experian, upon receipt of Plaintiff's dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A).

35. Shellpoint Mortgage and Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

36. Due to Shellpoint Mortgage and Experian's failure to investigate, they each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

37. Plaintiff's continued efforts to correct Shellpoint Mortgage and Experian's erroneous and negative reporting of the Debt by communicating Plaintiff's dispute with Shellpoint Mortgage and Experian were fruitless.

38. Shellpoint Mortgage and Experian's continued inaccurate and negative reporting of the Debt in light of its knowledge of the actual error was willful.

39. Shellpoint Mortgage and Experian's inaccurate and negative reporting damaged Plaintiff's creditworthiness.

40. By inaccurately reporting account information relating to the Debt after notice and confirmation of its errors, Shellpoint Mortgage and Experian failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

41. As a result of Defendant's conduct Plaintiff suffered actual damages in the form of attorney's fees to try to remedy the errors, lower credit scores, as well as being prevented from purchasing a house.
42. Defendant's actions also caused Plaintiff to suffer emotional distress and mental anguish type damages which manifested in symptoms including but not limited to: stress, anxiety, worry, pessimism, frustration, embarrassment, and humiliation all affecting his personal and professional relationships as well as impacting his job.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
44. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.
45. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.
46. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

### First Cause Of Action
### Violation Of The Fair Credit Reporting Act
### 15 U.S.C. § 1681 et seq. (FCRA)

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

## TRIAL BY JURY

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 20, 2016                                    Respectfully submitted,

                                            BY: /s/ *DAVID J. MCGLOTHLIN*
                                                DAVID J. MCGLOTHLIN, ESQ.
                                                ATTORNEY FOR PLAINTIFF